UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS BURKE, et al.,

                Plaintiffs,

v.                                           **DECISION AND ORDER**
                                                              03-CV-761S

B.W.P., INC. and DOORS BY B.W.P., INC.,[1]

                Defendants.

        1.        On October 25, 2004, Plaintiffs filed a Motion for Default Judgment against Defendants. For the reasons discussed below, this Court will grant Plaintiffs' motion and award default judgment against Defendants in the amount of $198,639.26.

        2.        Plaintiffs filed their Complaint in this action on October 9, 2003. Therein, Plaintiffs allege that Defendants are liable for withdrawal liability payments due and owing the Buffalo Carpenters Pension Fund pursuant to certain provisions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. Plaintiffs allege that pursuant to an agreement between the Lumber and Mill Owners Association and the Buffalo Carpenters Local 9, to which B.W.P., Inc. subscribed, and certain prior agreements, B.W.P., Inc. was a participating employer in the Fund and was obligated to and did make contributions to the Fund on behalf of its employees who were covered under these agreements. (Complaint, ¶ 11.) Doors by B.W.P., Inc. is an alter ego and successor company to B.W.P., Inc. and equally liable for the unpaid contributions alleged in this case. (Complaint, ¶¶ 9, 20-21, 23-25.)

---

[1]Raymond Paolini was also named as a defendant in this case. However, he was voluntarily dismissed from this case on October 25, 2004. (See Docket No. 12.)

3. At some point in time, Plaintiffs determined that Defendants had completely withdrawn from the Fund within the meaning of ERISA, 29 U.S.C. § 1383, and had thus incurred liability in the amount of $152,791. (Complaint, ¶ 12.) Plaintiffs notified Defendants of this determination and demanded payment in writing. (Complaint, ¶ 12, Exhibit A.) Defendants received the notice and demand letter, but failed to remit payment. (Complaint, ¶¶ 13, 15, 17.) Plaintiffs subsequently notified Defendants that they had failed to make their withdrawal liability payments. (Complaint, ¶ 17, Exhibit B.) To date, Defendants have not made any withdrawal liability payments to the Fund. (Complaint, ¶ 18.)

4. Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default. FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); FED. R. CIV. P. 8(d). Damages, however, must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

5.      Prior to entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of default judgment. FED. R. CIV. P. 55(b)(2).  "In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." DirecTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1992)).  A hearing is not required as long as the court ensures that there is a basis for the damages awarded.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

6.      The Clerk of the Court entered default against Defendants on February 20, 2004.  As such, this Court views the factual allegations in the Complaint that establish Defendants' liability as true.  Plaintiffs advised Defendants of the relevant ERISA provisions and notified them that they owed $152,791 by written notice dated September 24, 2002.  (Complaint, ¶¶ 12, 13, Exhibit A.)  Payment was due by April 22, 2002. Defendants did not challenge this liability assessment or request review and arbitration of the Fund's claim.  As a result, the $152,791 in withdrawal liability is deemed as "due and owing" under 29 U.S.C. § 1401(b)(1).  Plaintiffs again attempted to secure payment from Defendants by sending a letter on February 19, 2003.  (Complaint, ¶ 17, Exhibit B.)

7. This Court finds that Plaintiffs are entitled to default judgment in the amount claimed. See 29 U.S.C. § 1132(g)(2). First, Plaintiffs are entitled to $152,791 in unpaid contributions. Second, pursuant to 29 C.F.R. § 4219.32, Plaintiffs are entitled to the sum of $16,163.94 in interest payments through October 31, 2004. (Johnsen Decl., ¶ 13.) Third, Plaintiffs are entitled to daily interest of $19.17 from October 31, 2004, through the date of this Decision and Order, which totals $5,885.19. (Johnsen Decl., ¶ 14.) Fourth, pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to a lump sum award equal to the interest on the unpaid contributions, which totals $22,049.13. Finally, Plaintiffs are entitled to reasonable attorneys fees and costs, which in this case equals $1,750.

8. For the foregoing reasons, this Court will grant Plaintiffs' Motion for Default Judgment. Plaintiffs will be awarded total judgment of $198,639.26.

IT HEREBY IS ORDERED, that Plaintiffs' Motion for Default Judgment (Docket No. 10) is GRANTED.

FURTHER, that Plaintiffs are awarded a total of $198,639.26 as calculated in paragraph 7 of this Decision and Order.

FURTHER, that the Clerk of the Court is directed to send a copy of this Decision and Order to Defendants B.W.P., Inc. and Doors by B.W.P., Inc. at 135 Manhattan Ave., Buffalo, N.Y. 14215-2117 and to Donald Cook, Esq., 1300 Statler Towers, Buffalo, N.Y. 14202.

FURTHER, that the Clerk of the Court is directed to enter judgment consistent with

this Decision and Order.

    FURTHER, that the Clerk of the Court is directed to close this case.

    SO ORDERED.

Dated: September 2, 2005
       Buffalo, New York

                                        <u>/s/William M. Skretny</u>
                                        WILLIAM M. SKRETNY
                                        United States District Judge